# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| KALINGA KARAGI, SR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES POSTAL SERVICE; IOWA DEPARTMENT OF HUMAN SERVICES; U.S. CITIZENSHIP AND IMMIGRATION SERVICE (*fka* U.S. IMMIGRATION AND NATURALIZATION SERVICE); and CUSTOM WOODWORKS, LTD.; <br><br> Defendants. | No. C07-4055-MWB <br><br> **INITIAL REVIEW ORDER** |

_____

On July 16, 2007, the plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), together with a proposed Complaint and a number of documents in support of his allegations in the proposed Complaint.

As brief background, the plaintiff is a Congolese national who apparently fled the Republic of the Congo after he was assaulted and shot with a machine gun during a political uprising in the country in early August 1998. The plaintiff suffered severe injuries resulting in emergency surgery, and thereafter endured a prolonged recovery period. When he was released from the hospital in July 1999, he went to a refugee camp with the help of human rights agents and the American Red Cross. He came to the United States through efforts of the Lutheran Social Services Resettlement Program, and he arrived in Sioux City, Iowa, on February 24, 2000. He worked for Custom Woodworks, Ltd. for several years. It is not clear from the documents whether or not he still works for the company.

In the present case, the plaintiff's proposed Complaint consists of a single handwritten paragraph in which he alleges he mailed some letters, correctly addressed and with proper postage, but the Post Office failed to deliver one of the letters properly, instead returning it to him. He claims someone at the Post Office "forged" a Zip Code on the envelope, and also opened the envelope, resealing it with tape. The plaintiff alleges the postal employees' actions constituted discrimination against him.

Whether or not the court grants the plaintiff's motion to proceed *in forma pauperis*, the court must dismiss the case if the court determines the case is frivolous, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from the relief requested. 28 U.S.C. § 1915(e)(2). The court therefore undertakes review of the plaintiff's Complaint to determine whether he has stated a viable cause of action against any of the listed defendants.

The plaintiff has failed to state a claim against the United States Postal Service ("USPS") for which relief may be granted. To the extent the plaintiff seeks to bring a claim against the USPS under 42 U.S.C. § 1983, the statute applies to persons who act "under color of state law," not to federal officials. *See* 42 U.S.C. § 1983; *Moore v. U.S. Postal Service*, 159 Fed. Appx. 265, at *2 (2d Cir. 2005) (phrase "under color of state law" applies "only to state actors, not federal officials") (citing *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005)). To the extent the plaintiff attempts to assert a claim for negligent handling of his mail by the USPS, such a claim is barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which exempts "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). *See also Bauldwin v. United States Post Office*, slip op., 2007 WL 2011239 (D. Neb. July 6, 2007) (tort action against USPS must be brought pursuant to FTCA; thus, federal district court lacks subject matter jurisdiction over tort claim against USPS).

To the extent the plaintiff asserts the actions of USPS employees were discriminatory, he has failed to state any basis for such a claim other than the conclusory allegation itself. The court finds his claim of discrimination by postal employees to be frivolous.

With regard to the remaining defendants, the plaintiff has failed to set forth in his proposed Complaint any allegations whatsoever against those defendants. The voluminous documents the plaintiff submitted along with his Complaint include documents relating to a child custody action in which the Iowa Department of Human Services was involved; the plaintiff's application for permanent resident status with the U.S. Citizenship and Immigration Service; and a 2005 action before the Iowa Civil Rights Commission against Custom Woodworks, Ltd. From a review of the documents, the court has been unable to determine that any viable federal claim exists against any of those entities.

The court recognizes that *pro se* complaints often lack clarity and must be construed liberally. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). However, the complaint "still must allege sufficient facts to support the claims advanced." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (court will not assume facts or legal theories not pleaded); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) (*pro se* litigant must assert facts that, taken as true, state a claim as a matter of law). If the court determines a claim is frivolous or the complaint fails to state a claim for which relief may be granted, the court must dismiss the case. 28 U.S.C. § 1915(e)(2); *see Denton v. Hernandez*, 504 U.S. 25, 32-34, 112 S. Ct. 1728, 1733-34, 118 L. Ed. 2d 340 (1992); *Wilson v. Johnston*, 68 Fed. Appx. 761 (8th Cir. 2003); *see also Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989).

The court finds the plaintiff has failed to state a claim against any defendant for which relief may be granted. The court therefore **denies** the plaintiff's application to

proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)(1) (court has discretion as to whether or not to allow an action to be maintained without prepayment of fees), and this action is **dismissed without prejudice**.

The court's dismissal of this action also applies to the plaintiff's motion (Doc. No. 3), filed July 20, 2007, for review of a state court order regarding child custody and visitation in an action for dissolution of marriage. Federal courts lack jurisdiction to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992) (interpreting *Barber v. Barber*, 62 U.S. (1 How.) 582, 584, 16 L. Ed. 226 (1859); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2007.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT